### FIRST BANK & TRUST CO. v. LANCASTER COTTON MILLS

### (126 S. E., 751)

1. CHATTEL MORTGAGES—MORTGAGEE, TO WHOM MORTGAGOR DELIVERED COTTON WORTH LESS THAN MORTGAGE DEBT, ACQUIRED PERFECT TITLE.—Mortgagee, to whom mortgagor transferred mortgaged cotton worth less than amount of mortgage debt, when mortgages were past due and unpaid, acquired a perfect title.

2. WAREHOUSEMEN—OWNER, DELIVERING COTTON TO WAREHOUSEMAN, RE-STORING IT WITH ANOTHER WAREHOUSEMAN, WAS ENTITLED TO POSSESSION ON PRESENTATION OF RECEIPT INDORSED BY OWNER AND ONE OF FIRST WAREHOUSEMEN'S RECEIVERS.—Owner of cotton stored with warehouseman was entitled to cotton as against second warehouseman, with which cotton had been re-stored without owner's consent, on presentation of warehouse receipt issued to first warehouseman, indorsed by owner and one of the receivers of such first warehouseman.

3. CHATTEL MORTGAGES—MORTGAGOR NOT NECESSARY PARTY TO CLAIM AND DELIVERY ACTION AGAINST WAREHOUSEMAN BY MORTGAGEE, TO WHOM MORTGAGOR HAD TRANSFERRED COTTON ON INABILITY TO PAY DEBTS.—Mortgagee, to whom mortgagor transferred mortgaged cotton on mortgagor's inability to pay debt, could recover cotton in

claim and delivery action against warehouseman to which mortgagor was not a party, since mortgagor would be entitled to surplus, if any, after sale of cotton, or to an accounting.

Before Arthur H. Young, Special Judge, Lancaster, March, 1924.   Reversed and remanded.

Action by First Bank & Trust Company against the Lancaster Cotton Mills.   Judgment of nonsuit and plaintiff appeals.

*Mr. Harry Hines,* for appellant, cites: *Joint trustees:* 10 S. C., 235; 83 S. C., 244; 30 S. C., 549; 115 S. C., 166; 8 S. C., 244.   *Warehouse receipts:* Code 1922, Vol. 3, Sec. 3907.   *Pleadings construed:* 78 S. C., 157; 108 S. C., 71; 94 S. C., 408; 87 S. C., 257; 8 S. C., 103; 12 S. C., 1; 56 S. C., 211.   *Sustaining demurrer and dismissing complaint was error:* 70 S. C., 277; 60 S. C., 200; 80 S. C., 224; 79 S. C., 441; 72 S. C., 216; 76 S. C., 501; 65 S. C., 225; 112 S. C., 77; 51 S. C., 436; 110 S. C., 552.

*Messrs. Wilson & Wilson,* for respondents, cite: *Cotton Warehouse receipts:* Code 1922, Vol. 3, Sec. 3906.   *Powers of Joint Trustees:* A. & E. Enc. L. (2d Ed.), Vol. 28, 986-7.

February 28, 1925.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action in claim and delivery for seven bales of cotton and actual and punitive damages for the alleged unlawful detention.   After issue joined, the cause was heard by Special Judge A. R. Young and a jury.   At the close of plaintiff's testimony a motion for nonsuit was made by defendant's attorneys, which was granted by his Honor. Plaintiff appeals, and by 29 exceptions imputes error and asks for reversal.

We will not take the exceptions up one by one.   The undisputed evidence in the case shows that P. C. Neal raised the cotton and turned it over to the plaintiff.   He owed the

plaintiff nearly $1,100, secured by mortgages duly recorded, which were past due and unpaid long before this suit was instituted. He owed more than the value of the cotton. The seven bales of cotton produced by Neal were deposited by the plaintiff in the warehouse of the mercantile company and receipts for the same were given the bank. Later, on August 30, 1921, without the knowledge or consent of Neal the bank re-stored this cotton with the Lancaster Cotton Mills. In October, 1923, the bank, desiring to sell the cotton, applied to the mercantile company for it, paid its storage charges and then learned that the mercantile company had re-stored the cotton with the Lancaster Cotton Mills. The mercantile company instructed the bank to present its warehouse receipts to the cotton mills and get the cotton. The bank did so, and the cotton mills refused to deliver the cotton, except upon the warehouse receipts issued by it to the mercantile company. The bank reported this to the mercantile company, and received from the mercantile company the receipts issued by the Lancaster Cotton Mills. After the cotton was stored by the mercantile company with the Lancaster Mills, the mercantile company went into the hands, first of one receiver, then two.

The receipt from the mills was delivered to the bank without any indorsement; later it was indorsed by Jas. H. Glenn, one of the receivers of the mercantile company. It was then presented to the mills, and the cotton demanded by the bank, and delivery was refused, because only one receiver had indorsed it.

His Honor was in error in granting the nonsuit. Plaintiff showed a perfect title in itself; Neal's mortgages to the bank were unpaid, past due; he had delivered the cotton to the bank, and after the mortgages were past due and unpaid the title to the property vested in the bank. See *Clowney v. Rivers* (S. C.), 123 S. E., 759.

1, 2

Neal was not a necessary party to the suit. If the cotton brings more than enough to pay his debts to the bank, and there is a surplus, he would be entitled

3

to it or have an accounting. Under all of the evidence as given, the plaintiff was entitled to have its case go to the jury.

The Lancaster Mills should have delivered the cotton to the plaintiff under the receipts as tendered; it was indorsed by the bank, the true owner, and one of the receivers of the mercantile company.

The judgment of nonsuit is reversed, and a new trial granted.

MESSRS. JUSTICES FRASER and MARION, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.