### RUTHERFORD *ET AL.* v. RUTHERFORD *ET AL.*

#### (128 S. E., 725)

PARTITION—WHERE DECREE DID NOT PROVIDE FOR RESALE AT BIDDER'S RISK, ORDER SUBSEQUENTLY MADE WHICH DIRECTED SALE AT BIDDER'S RISK WAS ERRONEOUS.—Where partition decree did not provide for resale at bidder's risk, and bidder did not comply with bid, order directing sale at bidder's risk and expense, which was made in proceeding to require bidder to come in and comply with bid, was erroneous, for, if parties desired to hold bidder, they should have issued rule to show cause why bidder should not comply with bid, and then order could have issued directing absolute compliance or resale at bidder's risk.

Before WILSON, J., Charleston, 1924. Reversed and remanded.

Suit for partition by Robert Alexander Rutherford and others against John A. Rutherford and others. Decree entered for sale and distribution of proceeds. From an order directing resale of the property at the bidder's risk and expense, the bidder, Rebecca Reznik appeals.

*Messrs. Shimmel & Rittenberg,* for appellant, cite: *Rule to defaulting bidder at judicial sale:* 126 S. E., 750; 99 S. C., 117. *Renunciation of dower must succeed deed:* 14 Rich. Eq., 280; 16 S. C., 91; 51 S. C., 45; 28 S. E., 13; 89 S. C., 175; 71 S. E., 863; 90 N. C., 218. *Attorney biased:* Circuit Court Rule VI. *Notice of intention to take testimony:* Code, 1922, Vol. 3, Sec. 3985. *Attorneys' fees:* 12 Rich., 290; 39 S. C., 465; 18 S. E., 1; 92 S. E., 477; 14 L. Ed., 181; 13 How., 370; 21 L. Ed., 43; 15 Wall., 211. *Bidder entitled to marketable title:* 36 Cyc., 632; 1 Desaus., 382; 35 S. C., 314; 14 S. E., 714; 51 S. C., 555; 29 S. E., 403.

*Messrs. Henry Buist* and *George L. Buist,* for respondents, cite: *Successful bidder in jurisdiction of Court:* 121 S. C., 78; 113 S. E., 467; 71 S. C., 87; 50 S. E., 646; 72 S. C., 312; 51 S. E., 884. *Objection of bidder to purchase:*

125 S. E., 750. *Necessary parties:* 128 S. C., 271; 122 S. E., 768. *Time to examine title:* 87 S. C., 350; 69 S. E., 670. *Exception not based on record:* 95 S. C., 441; 94 S. C., 324; 100 S. C., 265. *Attorneys' fees and costs of resale:* 35 C. J., 122. *Bidder compelled to complete purchase:* 155 N. Y., 415; 50 N. E., 55; 35 C. J., 57.

June 25, 1925.

The opinion of the Court was delivered by Mr. Justice Marion.

The following opinion in this case, prepared by the late Justice Fraser, is adopted as the opinion of the Court:

The respondent's statement of the case is as follows:

"This is a friendly suit for the partition and sale of real property.

"Sabina E. Rutherford, a citizen of New Jersey, died many years ago seized and possessed of certain property on Spring Street in the City of Charleston, S. C., leaving a will by which all of her real and personal property was devised to her four sons as follows: John, one-eighth; Walter, two-eighths; Lewis, one-eighth; and Robert, four-eighths.

"It was found that the title had devolved into a number of people widely scattered over the country, but eventually the family history of Sabina E. Rutherford was proved before the Master.

"The complaint was filed June 4, 1917, which prayed that the above property be partitioned or sold, and the proceeds therefrom be distributed in accordance with shares of the various owners. The case lay dormant during the World War, but after several references before him, the Master filed his report on November 8, 1920. This report found the family history of Sabina E. Rutherford, and recommended that the Spring Street property be sold and the proceeds distributed to the owners whose names and shares were set out in the report.

"Subsequently, on the 25th of April, 1922, the Master filed a supplemental report stating that he had received an offer, in writing, to purchase the above property from Rebecca Reznik for the sum of $6,000 with settlement to be made on or before July 2, 1922. This offer bore the approval of all counsel in interest and of brokers as representing a full and fair value for the premises. The Master's report of November 8, 1920, and his supplemental report of April 25, 1922, were approved and affirmed by Judge McIver on April 27, 1922, and he ordered a conveyance of the Spring Street property to Mrs. Reznik upon the payment of $6,000.

"On July 3, 1922, the Master made a supplemental report recommending that all of the defendants, except one infant defendant who had come in and answered, be adjudged in default. This report was confirmed by Judge Bowman on July 13, 1922.

"When all efforts to have Rebecca Reznik comply with her bid or take some other action had failed, the Master (after due notice to Rebecca Reznik requiring her to come in and comply with her bid), under date of September 21, 1922, reported the situation to the Court. Rebecca Reznik then, for the first time, took any notice of her obligations or of the requests of the Master, and filed exceptions to the Master's report. These exceptions were argued before his Honor, Judge Wilson, who, under date of October 22, 1922, filed an order overruling the exceptions and directing that the property be sold at the risk and expense of Rebecca Reznik but giving the said Rebecca Reznik 20 days from the date of the order within which to comply with her written bid. The case comes before this Court on appeal from the order of Judge Wilson."

There was no provision for a resale at the risk of the purchaser.

This case is governed by the recent case of *White v. Brown,* 126 S. E., 751:

"If the parties had desired to hold Brown to his bid, they should have issued a rule to show cause why he should not comply and then the Court could have directed either an absolute compliance, or a resale at his risk. That was done in *Haig et al. v. Commissioners of Confiscated Estates,* 1 Desaus., 144.

"The penalty for noncompliance must be fixed by the Court, as none was provided for in the order of sale, and of course the penalty must be fixed before compliance is possible."

The order appealed from is reversed, and the case is remanded to the Circuit Court for such proceedings as may be necessary.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.